UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE LUIS GONZALEZ LLINAS,

                    Petitioner,

      v.

BRUCE SCOTT, et al.,

                    Respondents.

Case No. C26-1461-SKV

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.     INTRODUCTION

Petitioner Jose Luis Gonzalez Llinas, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington, brings this 28 U.S.C. § 2241 habeas action through counsel seeking release from detention, injunctive relief barring his removal without additional process, declaratory relief, and attorney's fees. *See id.* Respondents filed a return to the petition, Dkt. 7, together with supporting declarations and exhibits, Dkts. 8-9, and Petitioner filed a reply, Dkt. 10. Now, having considered the parties' submissions and the governing law, the Court GRANTS the petition, ORDERS that Petitioner be released from detention within twenty-four (24) hours, and addresses the additional relief requested below.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 1

## II.   BACKGROUND

Petitioner is a native and citizen of Columbia.  *See* Dkt. 1 at 6.  He first entered the United States in 2001, received a final order of removal and was removed to Columbia in 2006, and re-entered the United States without inspection in October 2008.  *See id*. at 6; Dkt. 9, ¶¶4-8.  *See also* Dkt. 8, Exs. A-B.  In 2012, ICE apprehended Petitioner in Miami, reinstated his prior removal order, and detained him for several months, and Petitioner, after a credible fear finding, was placed in withholding only proceedings.  *See* Dkt. 1 at 6; Dkt. 9, ¶¶10-11.  *See also* Dkt. 8, Exs. C-E.  In April 2013, Petitioner was released on an Order of Supervision (OSUP) with annual reporting requirements.  *See* Dkt. 1 at 6; Dkt. 1-1; Dkt. 8, Ex. F; Dkt. 9, ¶12.  Petitioner reported, as required, under the OSUP.  *See* Dkt. 1-1 at 5 (personal report record).

On July 26, 2025, ICE detained Petitioner while he was working in Miramar, Florida.  *See* Dkt. 1 at 7; Dkt. 8, Exs. G-H; Dkt. 9, ¶16.  On December 15, 2025, an immigration judge denied Petitioner's request for withholding of removal and protection under the Convention Against Torture.  *See* Dkt. 1 at 7; Dkt. 9, ¶¶20.  Petitioner timely appealed to the Board of Immigration Appeals (BIA) in January 2026, and that appeal remains pending.  *See id.*  His current detention has lasted for more than nine months.  *See* Dkt. 1 at 7.  There is no indication Respondents have obtained a travel document for Petitioner.  *See id*. at 8.  Nor has Petitioner been informed that his removal is imminent.  *See id.*

Petitioner is married to a U.S. citizen, has adult children and minor grandchildren who are all U.S. citizens, is a beneficiary of an approved I-130 relative petition filed by his daughter, and has no criminal history.  *See* Dkt. 1 at 6-7; Dkt. 7 at 6, n.4; Dkt. 9, ¶13.  Some three weeks before filing his habeas petition, Petitioner was diagnosed with cancer.  *See* Dkt. 1 at 7.  He has been transferred on several occasions during his detention, from Florida to processing centers in

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 2

New Mexico and then Arizona, and, finally, to his current location at the NWIPC. *See* Dkt. 1 at 7; Dkt. 9, ¶¶17-21. Respondents transferred him after and without responding to his request for medical parole, and without his cancer medication. *See* Dkt. 1 at 5; Dkt. 10 at 1-2. Petitioner filed his habeas petition with this Court on April 29, 2026. Dkt. 1.

### III.    LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15, 2026). "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243.

### IV.    DISCUSSION

Petitioner raises three grounds for relief: (1) his continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) his re-detention violated his Fifth Amendment right to due process; and (3) Respondents failed to comply with their own regulations in re-detaining him. *See* Dkt. 1 at 13-15. The Court, finding it dispositive, begins its analysis with the third ground for relief.

The Immigration and Nationality Act (INA) expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings. *See* 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a). Section 1231(a) governs the detention and release of noncitizens such as Petitioner who have been ordered removed, and it provides that the Department of Homeland Security (DHS) is required to detain a noncitizen during the 90-day "removal period." 8 U.S.C. § 1231(a)(2). After the removal period expires,

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 3

DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision. *See* 8 U.S.C. § 1231(a)(6). "Once ICE releases a [noncitizen] on an OSUP, 'ICE's ability to re-detain that noncitizen is constrained by its own regulations.'" *Alfonso v. Bondi et al.*, No. C25-2748-TL, 2026 WL 395326, at *3 (W.D. Wash. Feb. 12, 2026) (alteration in original) (quoting *Manivong v. Bondi,* No. C25-6747, 2025 WL 3211455, at *5 (C.D. Cal. Sept. 3, 2025)).

Noncitizens subject to a final removal order, like Petitioner, whose removal period has expired can be released from detention (and later re-detained) under two regulations:  8 C.F.R. § 241.4 or 8 C.F.R. § 241.13.  Under these regulations, circumstances warranting revocation of release and re-detention include the violation of conditions of release and changed circumstances.  *See* 8 C.F.R. § 241.4(*l*)(1)-(2); 8 C.F.R. § 241.13(i)(1)-(2).  Noncitizens returned to custody for violation of release conditions or changed circumstances must be given notice of the reasons release was revoked and an opportunity to respond and submit evidence during an informal interview.  *See* 8 C.F.R. §§ 241.4(*l*)(1), 241.13(i)(3).  "The procedures set forth in both 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 are intended to provide noncitizens with fundamental due process protections that courts have found to be constitutionally required." *Hall v. Nessinger*, No. C25-667, 2026 WL 18583, at *4 (D.R.I. Jan. 2, 2026) (cited sources omitted).

Petitioner here asserts that he fully complied with the terms of his OSUP for the twelve years prior to his re-detention.  He asserts that it is not clear whether his OSUP was revoked or who revoked it, and that, to the extent it was revoked by an ICE agent, such individuals lack revocation authority under the regulations.  *See* 8 C.F.R. § 241.4(*l*)(2) (describing authority of the "Executive Associate Commissioner" or district director to revoke release).  Petitioner further asserts that, to the extent he was provided with notice of OSUP revocation, it did not

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 4

contain an individualized statement of the changed circumstances that purportedly justified the revocation. He argues that his re-detention while failing to comply with the mandatory revocation procedures of 8 C.F.R. §§ 241.4 and 241.13 violated his procedural due process rights.

In their return, Respondents do not contend that Petitioner failed to comply with the terms of his OSUP, affirmatively state that Petitioner's OSUP was revoked or provide a copy of the notice of revocation, identify the individual who authorized revocation of the OSUP, assert that a determination of changed circumstances was made, represent that Petitioner received written notice of an OSUP revocation or an opportunity to respond, or otherwise claim that they complied with the applicable regulation(s). Respondents, in fact, do not respond to this cause of action. *See generally* Dkts. 7-9. At most, they acknowledge the regulations governing the revocation of an OSUP, and discuss requirements for such revocation in opposing Petitioner's request for injunctive relief. *See* Dkt. 7 at 5, 11-12.

There is, in sum, no indication Petitioner was provided the process required under applicable regulations for the revocation of his release and his re-detention. The Court therefore finds Petitioner's procedural due process rights were violated by the government's failure to follow its own regulations. *See, e.g., Quiroz Lopez v. Bondi*, No. C26-0767, 2026 WL 923370, at *4 (W.D. Wash. Apr. 6, 2026) (finding same where there was no indication petitioner was provided notice, an informal interview, or an opportunity to respond, and where respondents provided no supportive documentation or explanation for why petitioner was not provided the process the regulations require).

"Courts have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful[.]" *Alfonso*, 2026 WL 395326, at *3 (quoting *Saengphet v. Noem*, No.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 5

C25-2909, 2025 WL 3240808, at *7 (S.D. Cal. Nov. 20, 2025) (collecting cases)); *accord Hall*, 2026 WL 18583, at *4 (". . . ICE violates a noncitizen's due process rights when the agency re-detains them and fails to comply with these revocation procedures."). The remedy for unlawful re-detention is immediate release from custody restoring Petitioner to "the status quo before his release was improperly revoked." *Id.* at *6 (quoting *Hoang v. Noem*, No. C25-3177, 2026 WL 89319, at *5 (C.D. Cal. Jan. 12, 2026)). Accordingly, the Court ORDERS Respondents to release Petitioner from detention within twenty-four (24) hours of this Order and under the OSUP in place prior to his re-detention. Recognizing that Petitioner has been taken thousands of miles from his home, the Court further ORDERS Respondents to return any of Petitioner's identity documents and personal effects to him upon his release in order to fully restore his liberty, including his ability to travel home.

In addition to the regulatory non-compliance, the length of Petitioner's detention poses another critical issue. Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely. *See Zadvydas*, 533 U.S. at 682. In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States. *See Zadvydas*, 533 U.S. at 701. The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id.* "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* If the government is unable to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018). "The

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 6

presumptively reasonable period of detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered." *Yuksek v. Bondi*, No. C25-2555-DGE-GJL, 2026 WL 60364, at *2 (W.D. Wash. Jan. 8, 2026) (collecting cases).

Petitioner's instant detention has lasted more than nine months, with several months of detention prior. *See* Dkt. 1 at 6-7. This far exceeds the presumptively reasonable six month period. Petitioner's BIA appeal remains pending. *See* Dkt. 1 at 7. Respondents do not indicate that they have requested a travel document for Petitioner or that they have taken any other steps towards effectuating his removal in the reasonably foreseeable future. *See generally* Dkts. 7-9. The Government has therefore not met its burden under *Zadvydas*, which provides independent grounds for release. Further, considering Petitioner's re-detention in violation of applicable regulations, his serious medical condition and denial of treatment while in ICE custody, and that there is no reason to believe there is any significant likelihood of removal in the reasonably foreseeable future, the Court finds Petitioner's request for injunctive relief warranted. Accordingly, the Court GRANTS Petitioner's request for an injunction and prohibits his re-detention without prior written notice and a pre-deprivation hearing before a neutral decisionmaker. *See* Dkt. 1 at 15-16.

### V.   CONCLUSION

For the foregoing reasons, the Court GRANTS the habeas petition, Dkt. 1, and ORDERS that Petitioner be RELEASED from immigration detention within **twenty-four (24) hours**, subject to the same conditions of release that governed before he was re-detained. Respondents shall file a certification within **forty-eight (48) hours** that Petitioner has been released. Upon Petitioner's release, Respondents shall return any identity documents and personal effects to Petitioner.

The Court further ORDERS that Petitioner shall not be re-detained during the pendency of his appeal and any further removal proceedings without prior written notice and a pre-deprivation hearing before a neutral decisionmaker.  Finally, Petitioner's request for declaratory relief is DENIED given the other, sufficient relief provided herein, and any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 21st day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 8